### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-02477 |
| | : | |
| vs. | : | |
| | : | |
| DR. SAGE, et al., | : | (Judge Rambo) |
| | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

## Background

On December 15, 2016, Plaintiff Joseph A. Brown, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg")(Federal Bureau of Prisons inmate number 09401-07), filed a civil rights action, purportedly pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] (Doc. 1.)  The Defendants named in

---

1.  28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

  Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain
                                                  (continued...)

the complaint are the following three mental health professional employed at USP-Lewisburg: Dr. Sage, Dr. Eigenbode and Dr. Shoey. (<u>Id.</u>)  Brown also in an attachment to the form complaint names as a defendant David J. Ebbert, the warden of USP-Lewisburg.  (<u>Id.</u>) Brown claims that Defendants were deliberately indifferent to his serious mental health needs when they failed to provide him with mental health treatment. (<u>Id.</u>)  Brown does not specify how or when they failed to provide him with mental health treatment. (<u>Id.</u>)  Brown requests compensatory damages in the amount of $70,000,000.00 and an unspecified amount of punitive damages. (<u>Id.</u>) A review of PACER reveals that Brown is a frequent civil filer in this district and other districts.  Along with the complaint, Brown filed a motion to proceed <u>in forma pauperis</u> and an authorization to have funds deducted from his prison account to pay the filing fee in installments.  In the motion to proceed <u>in forma pauperis</u> Brown stated under penalty of

---

1.  (...continued)
an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

perjury that prior to the filing of the complaint he **did**
file 3 or more actions or appeals in a court of the
United States that were dismissed as frivolous,
malicious, or for failure to state a claim upon which
relief may be granted.[2]

      An electronic search on PACER confirms Brown's
admission that he has file 3 or more cases that were
dismissed for failure to state a claim upon which relief
may be granted. The court will now enumerate Brown's
prior cases which were dismissed under 28 U.S.C. §
1915(e)(2)(B)(ii).[3]

---

[2]. In several prior case filed in this district, Brown
in motions to proceed <u>in forma pauperis</u> denied filing
three or more actions or appeals in a court of the
United States that were dismissed as frivolous,
malicious, or for failure to state a claim upon which
relief may be granted.

[3]. Section 1915(e)(2) provides:

    (2) Notwithstanding any filing fee, or any portion
    thereof, that may have been paid, the court shall
    dismiss the case at any time if the court
    determines that (A) the allegation of poverty is
    untrue; or (B) the action or appeal (i) is
    frivolous or malicious; (ii) fails to state a claim
    on which relief may be granted; or (iii) seeks
    monetary relief against a defendant who is immune
    from such relief.

On September 15, 2011, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Eastern District of California. <u>Brown v. United States of America, et al.</u>, No. 1:11-CV-01562-MJS. On May 31, 2013, a fifth amended complaint filed in that action by Brown was dismissed for failure to state a claim upon which relief can be granted and it was specifically stated in the order that "the dismissal shall count as a strike under 28 U.S.C. § 1915(g)[.]" <u>Brown v. United States of America, et al.</u>, No. 1:11-CV-01562-MJS, slip op. at 12 (E.D.Ca. May 31, 2013)(Doc. 58).

On February 6, 2012, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Eastern District of California. <u>Brown v. United States of America, et al.</u>, No. 1:12-CV-00165-AWI-GSA. On November 13, 2014, Brown's complaint was dismissed for failure to state a claim upon which relief can be granted and it was specifically stated in the order that the "dismissal is subject to the "three strikes' provision set forth in 28 U.S.C. § 1915(g)[.]"

4

Brown v. United States of America, et al., No. 1:12-CV-00165-AWI-GSA, slip op. at 2 (E.D.Ca. Nov. 13, 2014)(Doc. 63).

On December 19, 2013, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Central District of California. Brown v. Profitt, et al., No. 5:13-CV-02338-UA-RZ. On March 3, 2014, Brown's application to proceed without prepayment of the full filing fee was denied and the complaint dismissed for failure to state a claim upon which relief can be granted and it was stated that the dismissal would constitute a strike under 28 U.S.C. § 1915(g). Brown v. Profitt, et al., No. 5:13-CV-02338-UA-RZ (C.D.Ca. Mar. 7, 2014)(Doc. 3)(order re motion for leave to file action without prepayment of full filing fee).[4]  For the reasons set forth below, the above-

---

4.  A 1-page form order was completed by a Magistrate Judge in which the Magistrate Judge recommended denial of the motion to proceed without full prepayment of the filing fee and dismissal of the complaint for failure to state a claim upon which relief could be granted and the Chief Judge of the Central District of California adopted the recommendation.

captioned case filed by Brown on December 14, 2016, will be dismissed pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at

6

312.   Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.  The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

In the motion to proceed in forma pauperis filed by Brown, he admitted that he had filed 3 or more civil complaints which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted. (Doc. 2.)  Furthermore, a review of court dockets using the PACER system reveals that Brown in fact has three strikes as enumerated above.

Brown, however, also claims that he is in "imminent" danger of serious physical injury and in support of that claim states in toto, including grammatical errors:

> I suffer from chronic post traumatic stress disorder and has suffered multiple traumatic incidents while housed here, and will suffer

> further deterioration of my mental health &
> traumatic incidents without relief.  Also,
> the defendants are in violation of B.O.P.
> policy statement 541.41c1c by housing me
> here.  The defendants inactions, and the
> plaintiff mental condition is on-going.

(Doc. 12, at 2.)  After reviewing Brown's complaint and the assertions regarding "imminent" danger set forth in his application to proceed in forma pauperis, the court concludes that Brown's allegations do not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g).  While Brown may assert that he suffers from mental health issues, this type of complaint does not establish that he is in imminent danger of serious physical injury.  Furthermore, relying on such allegations of imminent danger would eviscerate the intent of Congress to penalize those who have filed three or more actions which have been dismissed as frivolous or have failed to state a claim upon which relief may be granted. Brown's allegations fail to rise to level of imminent danger under the statute.

Consequently, Brown's complaint will be dismissed without prejudice.

  s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 3, 2017